IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEROME L. GRIMES | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JKB-15-3849 |
| OFFICER TATE | * | |
| OFFICER JOHN DOE | | |
| | * | |
| Defendants | | |
| | ***** | |

## MEMORANDUM

The above-captioned complaint was filed on December 17, 2015, together with a motion to proceed in forma pauperis. Because plaintiff appears to be indigent, the motion shall be granted.[1]

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 569. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 547.

Further, under Federal Rule of Civil Procedure 8(a), a pleading that sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless

---

[1] Plaintiff indicates he hails from multiple districts and cites to Pennsylvania and Louisiana. The envelope that accompanied the complaint, however, indicates Grimes is currently confined in the Orange County Corrections Department in Orlando, Florida.

the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.  Moreover, each "averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1).  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Factors to consider in determining if a complaint fails to comply with Rule 8(a) include the length and complexity of the complaint, *see, e.g.*, *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); whether the complaint was clear enough to enable the defendant to know how to defend himself, *see, e.g.*, *Kittay v. Kornstein,* 230 F.3d 531, 541 (2d Cir. 2000); and whether the plaintiff was represented by counsel.  *See, e.g.*, *Elliott v. Bronson*, 872 F.2d 20, 21-22 (2d Cir. 1989).

The court has thoroughly examined the complaint and finds it is insufficient and does not comply with federal pleading requirements.  Instead of a concise statement of facts as to the underlying cause of action, the complaint is replete with legal statements and conclusions. Portions of the complaint are nonsensical.  If even after affording the matter a generous construction the court cannot determine the precise nature and jurisdictional basis of the complaint and how each named defendant is involved, one can only imagine the difficulties that would ensue in having defendants attempt to answer the complaint.  It is well-settled law that complaint allegations must "give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted).[2]

For the foregoing reasons, the complaint shall be dismissed for the failure to comply with Rule 8(a).

Date: December 23, 2015.  _____/s/_____
James K. Bredar
United States District Judge

---

[2] A review of the Public Access to Court Electronic Records ("PACER") docket reveals that plaintiff has filed five hundred civil cases in the federal district courts, primarily in the Northern District of California.